Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

<u>MICHEAL SHINGLER</u>            )
<u># 03040-000</u>                  )
                                 )
<u>F.C.I. Gilmer, P.O. Box 6000</u> )
                                 )
<u>Glenville, West Virginia 26351</u> , )
(Full name under which you were convicted, )     **Petition for Habeas Corpus**
prison number, place of confinement, and   )     **Pursuant to 28 U.S.C. § 2241**
full mailing address)                      )
                                 )
                                 )
              Petitioner,        )              3:16cv35
    vs.                          )     Civil Action No. ~~2:16-cv-T1~~
                                 )     (to be assigned by Clerk)
                                 )
<u>WARDEN'S NAME TO BE ANNOUNCED</u> , )              Groh
(Name of Warden or other authorized person )              Seibert
where you are incarcerated)                )              Williams
                                 )
                                 )
              Respondent.        )
                                 )

FILED
MAR 28 2016
U.S. DISTRICT COURT
ELKINS WV 26241

**Important notes to read before completing this form:**

★  Please read the entire petition **before** filling it out. Answer **only** those questions which pertain to your claim(s).

---

1. This petition concerns (check the appropriate box):

   ☐ a conviction
   ☒ a sentence
   ☐ jail or prison conditions
   ☐ prison disciplinary proceedings
   ☐ a parole problem
   ☐ other, state briefly: _____

   _____

Attachment A

_____
_____
_____

2. Are you represented by counsel?     ☐ Yes     ☒ No

   If you answered yes, list your counsel's name and address: _____
   N/A
   _____

3. List the name and location of the court which imposed your sentence:
   United States District Court Eastern District of Virginia
   Alexandria Virginia, 401 Courthouse Square, Alexandria
   Virginia 22319

4. List the case number, if known: 1:97-cr-0031B-AVB-1

5. List the nature of the offense for which the sentence was imposed:
   Plea agreement to a lesser included offense Second Degree
   Murder (10/02/97)

6. List the date each sentence was imposed and the terms of the sentence:
   December 12, 1997

7. What was your plea to each count? (Check one)

   ☒ Guilty
   ☐ Not Guilty
   ☐ Nolo Contendere

Attachment A

8. If you were found guilty after a plea of not guilty, how was that finding made?

☐ A jury
☐ A Judge without a jury
☐ A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

☒ Yes ☐ No

10. If you did appeal, give the following information for each appeal:

A. Name of Court: <u>United States Court of Appeals (4th Cir.)</u>
B. Result: <u>Affirm</u>
C. Date of Result: <u>2005</u>
D. Grounds raised (List each one): <u>Appeal filed untimely</u>

Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

☒ Yes ☐ No

If your answer was yes, complete the following sections:

A. First post-conviction proceeding:
1. Name of Court: <u>United States District Court Eastern</u> Va.

Attachment A

    2. Nature of Proceeding: § 2255
    3. Grounds Raised: Illegal Sentence
    4. Did you receive an evidentiary hearing? ☐ Yes ☒ No
    5. Result: Denied
    6. Date of Result: March 11, 1998

B. Second post-conviction proceeding:
    1. Name of Court: United States Court Appeal (4th Cir.)
    2. Nature of Proceeding: 28 U.S.C. 2244
    3. Grounds Raised: Illegal Sentence
    4. Did you receive an evidentiary hearing? ☐ Yes ☒ No
    5. Result: Denied
    6. Date of Result: 2001

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
    1. First proceeding: ☒ Yes ☐ No Result: Denied
    2. Second proceeding: ☒ Yes ☐ No Result: Denied

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: N/A

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

    A. U.S. Parole Commission unlawfully revoked my parole.
    B. Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

C. Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D. Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E. There is an unlawful detainer lodged against me.
F. I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G. The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A. Ground one:
Whether the non-statutory enhancement for obstruction of justice and witness tampering violates sentencing guidelines commentary by overlapping the 2 point enhancement to the base offense level.

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).
Amendment 729, Section 2A6.1(b) is amended by redesignating subdivision (5) as subdivision(6); by inserting after subdivion with stating "the additional references more adequately reflect the range of conduct covered by 18 U.S.C. § 1513, including killing or attempting to kill a witness, causing bodily (see pg-2)

B. Ground two:

Pg-2 Supporting Fact(s):

to a witness, and damaging the tangible property of a witness. In addition, 18 U.S.C. § 1512(Tampering with a witness, vicitm, oor an informant), which covers a similar range of conduct, including killing or attempting to kill a witness and using physical force against a witness, is referenced to the same Chapter Two, Part A his two point enhancement for obstruction justice or witness tampering is included in his Second Degree Murder plea and thus overlaps similar conduct already consider in his offense of conviction. Here, the core argument is Petitioner whom plead guilty to the lesser included offense of Second Degree Murder, ordinary does not warrant two points enhancement for obstruction of justice § 3C1.1 absent extraordinary circumstances. Nothing within the contours of the conviction in his warrant two level enhancement for obstruction of justice under § 3C1.1 thus he now request that the execution of his term of imprisonment fails to equate adequate Notice by the Sentencing Commission for overlapping conduct. See Sentencing Commission pursuant to section 994 (a) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under 994 (p) of title 28.

Here, amendment 729, adequately explains that conduct related to offense of conviction murder can not be used twice to enhance his base offense level. Reduce his base offense level by two points and execute his term of imprisonment to BOL 34 and 262-327 Guideline Range.

Attachment A

Whether witness tampering of which derived from conduct of obstruction constitutes double counting.

Supporting facts:
Double Counting occurs when the same conduct on the part of the defendant is used to support separate increases under the separate enhancement provisions which necessarily overlap, are indistinct, and serve identical puspose. Because the witness tampering was used both in the Second Degree Murder and obstruction of justice, the two level enhancement is overlapping and must be reduced as double countint.

C. Ground three:

N/A

Supporting facts:

D. Ground four:

N/A

**Attachment A**

Supporting facts:
_____N/A_____
_____
_____
_____
_____

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:
_____N/A_____
_____
_____
_____
_____

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

   A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

      ☐ Yes    ☒ No

      1. If your answer to "A" above was yes, what was the result:
      _____N/A_____
      _____
      _____
      _____
      _____

Attachment A

2. If your answer to "A" above was no, explain:
N/A
_____
_____

B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

☐ Yes   ☒ No

1. If your answer to "B" above was yes, what was the result:
N/A
_____
_____

2. If your answer to "B" above was no, explain:
The Execution of the Sentence can not be resolved by the Bureau of Prisons nor the Destination Security Custody & Classfication

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

1. Make **no** legal arguments.
2. Cite **no** cases or statutes.
I request that my sentence be reduced without the two Point enhancement for the obstruction of justice nor witness tampering as both enahcnements violate double Counting of the total term of imprisonmentt.
_____
_____
_____

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

> Because the two level enhancement falls within the pretext factual and actual innocence it was not raised in the initial in line with counsel's by pass of the argument. Fay v. Noia procedural default.

Signed this __22__ day of __MARCH__, __2016__.
         (day)          (month)        (year)

_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: __3-22-16__

_____
Your Signature