IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL SHINGLER,

    Petitioner,

v.                                                Civil Action No. 3:16CV35
                                                 (GROH)

JENNIFER SAAD, Warden,

    Respondent.

## ROSEBORO NOTICE

On May 25, 2016, Respondent, Jennifer Saad, Warden, filed a Response to Order to Show Cause along with a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. Because the Petitioner is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file a response, and to alert him to the fact that his failure to respond could result in the entry of an order of dismissal against her. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely

1

"conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Therefore, within **twenty-one (21) days** of the date of this Order, the Petitioner shall file any opposition he has to the Respondent's motion, explaining why this matter should not be dismissed. In conformity with LR PLP 11.2, any memorandum filed by the Petitioner **shall not exceed 25 pages.**

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: May 31, 2016

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE