**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL SHINGLER,**

    **Petitioner,**

**v.**                                       **Civil Action No. 3:16cv35**
                                                              **(GROH)**

**WARDEN,[1]**

    **Respondent.**

## REPORT AND RECOMMENDATION

On December 10, 2014, in his underlying criminal case in the District Court for the Eastern District of Virginia,[2] the *pro se* Petitioner, an inmate now incarcerated at FCI Gilmer in Glenville, West Virginia, filed an Emergency Consent Motion to Correct Sentence Under 28 U.S.C. § 2241. See E.D. Va. Case No. 1:97cr318, ECF No. 49. By Order entered there on January 15, 2015, the District Judge directed the Government to consult with the Office of the Federal Public Defender ("FPD") and file a response to Petitioner's motion, either on its own or jointly with the FPD. See id. at ECF No. 50. Responses were filed on January 23, 2015 and January 26, 2015. See id. at ECF No. 51 & 52.

On September 8, 2015, the District Judge for the Eastern District of Virginia directed Petitioner to file his petition on a court-approved form and either pay the $5.00 filing fee or file a motion to proceed as a pauper ("IFP motion") on the forms provided with the Order. See id. at ECF No. 53.

---

[1] The Clerk of Court will be directed to correct the name of the Respondent on the docket, to reflect the Warden's actual name.

[2] See Eastern District of Virginia, Case No. 1:97cr318, ECF No. 49.

On October 2, 2015, Petitioner filed his habeas corpus petition on the Eastern District of Virginia's court-approved form, along with an IFP motion. See id. at ECF No. 55 & 54.

On January 11, 2016, a new civil case was opened for Petitioner's § 2241 petition and it was assigned the Civil Action No. 1:16cv83. By Order entered February 16, 2016, the Eastern District of Virginia dismissed Petitioner's Emergency Consent Motion to Correct Sentence Under 28 U.S.C. § 2241 as duplicative of his court-approved form petition and transferred the case to this jurisdiction.

The case was received in this district on February 16, 2016 and assigned the Civil Action No. 2:16cv11. Because the petition was not on this district's court-approved form, on March 2, 2016, an Order Notifying Petitioner of Dismissal was entered, advising Petitioner that he had thirty days in which to re-file his petition on the court-approved forms provided to him along with the Order.

On March 28, 2016, Petitioner refiled his petition on this district's court-approved form; this case was opened and Civil Action No. 2:16cv11 was closed. Along with his petition, Shingler filed an IFP motion and a blank, unsigned copy of his Prisoner Trust Account Report ("PTAR") without attached Ledger Sheets. He also filed a document titled "Petitioner's Counter-Responsive Pleading for Order Notifying Petitioner of Dismissal and in Alternative Transfer and Ancillary Motion Supporting Payment [of] Filing Fee [for] Habeas Corpus," contending that the filing fee for the instant petition had already been paid in the Eastern District of Virginia. ECF No. 4 at 1. Attached to the pleading was a document titled "With Respect to the Courts all the following: court orders: Civil Actions," listing five civil action numbers with their presiding judges and a copy of a BOP receipt evincing an October 8, 2015 remittance of $5.00 by Petitioner to the Office of the Clerk. ECF No. 4-2. The Clerk for this district contacted the Clerk

2

in the Eastern District of Virginia and obtained a copy of the receipt for the fee Petitioner contended had already been paid in this case; it referenced a transaction date of October 19, 2015; payment of $5.00; and Eastern District of Virginia Civil Action No. 1:15cv1304. The docket in that case indicates that the $5.00 fee was paid on October 19, 2015.[3] Because this civil action was not even opened in the Eastern District of Virginia as Civil Action No. 1:16cv83 until December 10, 2015; Petitioner's October 2, 2015 IFP motion was never ruled on before the case was transferred here; and there was no record of Petitioner ever paying a filing fee in that case; on March 29, 2016, a Show Cause Order was entered in the instant case, directing Petitioner to either pay the fee or submit a fully-completed PTAR, with copies of the Ledger Sheets to his account. ECF No. 6. On April 11, 2016, Petitioner filed his PTAR with Ledger Sheets and paid the fee.[4] ECF No. 9 & 10.

On April 26, 2016, the undersigned ordered Respondent to show cause as to why the writ should not be granted. ECF No. 11. On May 24, 2016, Respondent filed a Motion to Dismiss or in the Alternative, for Summary Judgment and Response to Order to Show Cause, with supporting memorandum and exhibits. ECF No. 13 & 14. A Roseboro[5] Notice was issued on May 31, 2016, advising Petitioner of his right to file a response to Respondent's dispositive motion. ECF No. 15. A copy of that Notice was sent via certified mail to Petitioner at FCI Gilmer; the certified mail return receipt indicates that Petitioner received it on June 6, 2016. ECF No. 16. Nonetheless, he did not file a response.

---

[3] That case was also transferred to this district and is currently pending as Case No. 5:15cv135.

[4] The pending IFP motion was terminated by the Clerk.

[5] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

## I. Factual and Procedural History[6]

### A. Conviction and Sentence

On August 7, 1997, in the Eastern District of Virginia, Petitioner was indicted in a two-count indictment in Count One, premeditated first degree murder, in violation of 18 U.S.C. § 1111(a) and Count Two, with tampering with a witness, in violation of 18 U.S.C. §§ 1512(b)(1) and (b)(3).[7] See Docket, E.D. Va. Case No. 1:97cr318. On October 2, 1997, pursuant to a plea agreement [ECF No. 9], Petitioner pled guilty to the lesser-included offense of second degree murder. On December 12, 1997, Petitioner was sentenced to a term of 262 months imprisonment, followed by a 3-year term of supervised release, to be served consecutive to the sentence that he was then serving. ECF No. 13 & 14.

### B. Direct Appeal

Shingler did not file a direct appeal.

### C. Collateral Proceedings

On January 26, 1998, Petitioner filed a Motion to Modify Sentence. ECF No. 16. It was denied by Order entered January 28, 1998. ECF No. 17. Petitioner appealed. On May 4, 1998, by unpublished *per curiam* opinion, the judgment of the Eastern District of Virginia was affirmed. ECF No. 23.

---

[6] Unless otherwise specified, all of the citations in this section are to petitioner's underlying criminal case in the Eastern District of Virginia, Case No. 1:97cr318.

[7] Petitioner stabbed another inmate while incarcerated for an unrelated offense, and then attempted to persuade other inmates to provide him with a false alibi for the relevant time period. See PreSentence Report (E.D. Va. ECF No. 51 & 52 at 2 - 3)(1:97cr318).

On May 23, 2003, in the sentencing court, Petitioner requested "time credit" for his sentence on May 8, 2003. ECF No. 37.  By Order entered, May 23, 2003, the request was denied. ECF No. 39.

On January 23, 2004, in the District Court for the District of Columbia, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking credit toward service of his sentence from September 9, 1996 to June 12, 1998. The case was transferred to this district on July 23, 2004, where it was docketed as Case No. 1:04cv162.  It was recommended for dismissal by R&R entered September 28, 2005 and by Order entered May 9, 2006, the R&R was adopted and the case was dismissed.  See N.D. W.Va. Case No. 1:04cv162, ECF No. 10 & 12.

On July 12, 2004 in the sentencing court, Shingler filed a Motion to "Reopen and Review Illegal Sentencing for Factors to Correct Sentence under the Supreme Court ruling of Blakely v. Washington[8] States [sic] Guidelines [sic].  ECF No. 40.  By Order entered August 4, 2004, the motion was denied.  ECF No. 41 & 42.  On May 31, 2005, the Petitioner filed a Notice of Appeal and a Motion for an Extension of Time to File a Notice of Appeal. ECF No. 43 & 44.  The motion for an extension of time to appeal was denied on June 15, 2005. By unpublished *per curiam* opinion entered on September 30, 2005, the Fourth Circuit Court of Appeals held that Petitioner's failure to file a motion to reopen the appeal period within 180 days deprived the Fourth Circuit of jurisdiction. ECF No. 45; see also United States v. Shingler, 153 F. Appx. 895 (4th Cir. 2005). Petitioner's Motion for Rehearing was denied by Order of the Fourth Circuit on January 24, 2006. ECF No. 47.  Shingler's petition for writ of *certiorari* was denied by the United States Supreme Court on May 1, 2007. See United States v. Shingler, (4th Cir. ECF No. 33) (05-6828).

---

[8] Blakeley v. Washington, 542 U.S. 296 (2004).

On December 10, 2014 in the sentencing court, Petitioner filed his Emergency Motion to Correct Sentence Under 28 U.S.C. § 2241 referenced *supra*. ECF No. 49. Because the subsequent history of that motion has already been recounted on page one of this Report and Recommendation ("R&R"), it will not be repeated here.

Finally, as noted *supra* on page 3, on October 5, 2015 in the Eastern District of Virginia, Petitioner filed another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, where it was docketed as 1:15cv1304. Because Petitioner was incarcerated in this district, it was transferred here on October 21, 2015. See Shingler v. Williams, N.D. W.Va. Case No. 5:15cv135. In that petition, Petitioner raises a slightly different version of the claims raised in his instant petition. See id. at ECF No. 1 at 15. As of the date of this R&R, that case is still pending.

**D. § 2255 and § 2244 Motions**

**First § 2255 Motion**

On March 11, 1998, before the Fourth Circuit had decided Petitioner's appeal of the Eastern District's denial of his Motion to Modify his sentence, Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 19. In it, Petitioner attacked his "illegal sentence."[9] See 3:16cv35, ECF No. 1 at 4. It was denied by Order entered March 12, 1998. ECF No. 20. Petitioner appealed. On June 3, 1998, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability. ECF No. 23. Shingler's petition for writ of *certiorari* was denied on October 5, 1998. ECF No. 28; see also United States v. Shingler, 4th Cir. Case No. 98-6420, ECF No. 26.

**First § 2244 Motion**

---

[9] Because the filings in the Eastern District of Virginia were not hyperlinked at that time, the specifics of Petitioner's claims are unknown.

Petitioner filed a Motion for Successive § 2244 relief application on June 29, 2001 in the Fourth Circuit Court of Appeals, raising as grounds his "illegal sentence."[10] ECF No. 1 at 4; see also In re Shingler, (4th Cir. ECF No. 1)(01-962). By Order entered July 24, 2001, the motion was denied. Id. at ECF No. 8.

**Second § 2255 Motion**

Despite the denial of his § 2244 motion, on August 14, 2001, Petitioner filed his second Motion to Vacate, Set Aside, or Correct a Sentence.[11] ECF No. 30. It was denied by Order entered September 4, 2001. ECF No. 33. Petitioner appealed. On March 22, 2002, by unpublished *per curiam* opinion, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF No. 35. Shingler's petition for writ of *certiorari* was denied by the United States Supreme Court on November 4, 2002. ECF No. 37.

**Third § 2255 Motion**

On June 7, 2004, Shingler filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Virginia. See Shingler v. United States, (E.D. Va. ECF No. 1)(1:04cv658).[12] By Order entered July 26, 2004, it was construed as successive motion under 28 U.S.C. § 2255 dismissed without prejudice to Shingler's right to move a panel of the USCA for the 4th Circuit for an order authorizing this Court to consider the motion. Id. at ECF No. 2.

**Second § 2244 Motion**

---

[10] The filings in the Fourth Circuit were not hyperlinked at that time, thus, the specifics of Petitioner's claims are unknown.

[11] Petitioner does not mention this § 2255 motion in his § 2241 petition. Again, neither the Eastern District of Virginia nor the Fourth Circuit's filings were hyperlinked during the relevant time period, thus, the substance of Petitioner's claims are unknown.

[12] Petitioner also failed to mention this § 2255 motion in his § 2241 petition. As with the others, the docket in this case is also not hyperlinked, thus the undersigned is unable to determine the substance of Petitioner's claims.

On May 27, 2016, in the Fourth Circuit, Petitioner filed another Motion for Successive § 2244 relief application on July 26, 2001 in the Fourth Circuit Court of Appeals. In it, he asserted a challenge to the predicate convictions for his career offender sentence enhancement, based on Johnson v. United States, *supra*.[13] ECF No. 57. By Order entered June 22, 2016, the Fourth Circuit granted the motion. See In re Michael Shingler, (4th Cir. ECF No. 8 (16-956).

**Fourth § 2255 Motion**

Petitioner filed his fourth Motion to Vacate, Set Aside, or Correct a Sentence in the Eastern District of Virginia on June 21, 2016, challenging the predicate convictions for his career offender sentence enhancement under Johnson v. United States. ECF No. 59. By Order entered there on August 8, 2016, the Government's motion to hold the § 2255 motion in abeyance was granted and the § 2255 motion was stayed. ECF No. 66.

## II. The Pleadings

### A. Claims Raised by Petitioner

Petitioner raises two grounds for relief, contending that

1) his non-statutory enhancement for obstruction of justice and witness tampering violates sentencing guidelines commentary by overlapping the 2 point enhancement to the base offense level [ECF No. 1 at 5]; and

2) his enhancement based on witness tampering, which derives from conduct of obstruction, constitutes double counting.

As relief, Petitioner requests that his sentence be "reduced without the two point enhancement for the obstruction of justice nor [sic] witness tampering as both enahcnements [sic] violate double Counting [sic] of the total term of imprisonment." ECF No. 1 at 9.

Petitioner asserts that his remedy by way of §2255 is inadequate or ineffective because "the two level enhancement falls within the pretext [sic] factual and actual innocence [sic] it was

---

[13] Johnson v. United States, 135 S. Ct. 2551 (2015).

not raised in the initial [sic] in line with counsel's by pass [sic] of the argument. Fay v. Noia procedural default [sic]." Id. at 10.

**B. Respondent's Motion to Dismiss or for Summary Judgment**

Respondent asserts that Petitioner's § 2241 petition should be dismissed or summary judgment granted in its favor because:

1) Petitioner cannot challenge the administration of his sentence under 28 U.S.C. § 2241;

2) the petition is actually a mislabeled § 2255 petition;

3) the petition fails to demonstrate that § 2255 is inadequate or ineffective to address his claims;

4) Fay v. Noia[14] is inapplicable to Petitioner's case; and

5) Fourth Circuit law has not extended the reach of the savings clause to petitioners challenging only their sentences.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

[14] Fay v. Noia, 372 U.S. 391 (1963).

what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the

Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986.

Finally, as a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim

cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and/or sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. §2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re* Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In his pending petition, Shingler asserts that he is entitled to have his sentence recalculated to remove the enhancement for obstruction of justice or witness tampering, because according to "Amendment 729," conduct related to the offense of conviction of murder cannot be used twice to enhance his base offense level. ECF No. 1 at 6. Further, he argues that witness tampering derives from the conduct of obstruction of justice, and thus, using both to enhance his sentence is "double counting." Id. at 7. In his petition, when asked if the grounds he was raising had ever been presented to any other court, Petitioner responded "N/A." As noted *supra*, Petitioner has repeatedly raised challenges to his "illegal sentence" many times before, in this district, the Eastern District of Virginia, the Fourth Circuit, and in several petitions for writs of *certiorari* before the United States Supreme Court; it is apparent that he is attempting to mount yet another attack on his allegedly "illegal" sentence.

In order to raise claims under §2241, a petitioner must first establish that he is entitled to review under §2241 by meeting the Jones requirements. The remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, petitioner does not even attempt to argue that he is imprisoned for an offense which is no longer a crime.[15] Rather, he argues that his sentence was improperly enhanced and asserts that he is entitled to have his sentence recalculated without the two-level enhancement to his base offense level, for obstructing justice by attempting to persuade other inmates to provide him with a false alibi for the time of the murder. It is apparent from a review of Petitioner's PSR that although Petitioner did receive a two-level increase in his base offense level for obstructing justice, he also

---

[15] Clearly such a claim would be improper. Second degree murder remains a crime pursuant to 18 U.S.C. §§ 1111(a).

received a three-level reduction to the same, for acceptance of responsibility. However, it was his extensive criminal history that resulted in a two-point bump in his offense level to 34 as a career offender from what otherwise would have been 32, and the three extra points added to his criminal history for committing a new crime while incarcerated for a previous offense that earned him a guideline range of 262 – 327 months. See (E.D. Va. ECF No. 50 & 51 at 19 - 20)(1:97cr318). Despite all that, the sentencing judge still gave him a sentence at the very bottom of the applicable guideline range.

Finally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner cannot establish that the conduct for which he was actually convicted, second degree murder, is no longer criminal. See In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. See, e.g., James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); see also Cooper v.Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner has failed to state a cognizable § 2241

claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

Because Petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a**

15

**judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

**The Clerk of Court is directed to correct the name of the Respondent in this action from "Warden," to Jennifer Saad, Warden, FCI Gilmer" on the docket.** The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

DATED: September 13, 2016

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE